Good morning, Your Honors. I'm John Rhodes from the Missoula Office of the Federal Defenders of Montana. I represent Mr. Perez-Chavez. The District Court erred in failing to recognize its discretion under the Supreme Court's decision in Kimbrough to disregard the illegal reentry guidelines and impose a sentence under Section 3553A factors. The government, I think, fairly reads into the transcript that the District Court did this because of the gradated sentencing scheme at 8 U.S.C. Section 1326 for illegal reentry offenses. The Court's probably aware there are three sentencing ranges for an illegal reentry offense. There's 0 to 2 years, 0 to 10 years, and 0 to 20 years. And according to the government, that's why the District Court refused to recognize its discretion. It basically said this is a legitimate, rational sentence, or the guidelines are legitimate and rational based on the Congressional sentencing scheme. The problem with that is the Supreme Court specifically rejected that reasoning in Kimbrough. In Kimbrough, as I'm sure the Court is aware, the issue is the difference between sentencing for crack cocaine versus powder cocaine. And the government tried to argue in Kimbrough, well, that was legislated by Congress, therefore the fact that the guidelines rate crack cocaine 100 times higher than powder cocaine. And the Supreme Court rejected that because that resulted from Congressional sentencing statutes. And what the Supreme Court said in Kimbrough is all the statute says is you can sentence anywhere from 0 to the maximum sentence. Maybe there's a mandatory minimum, but beyond that, the statute doesn't say what a sentence should be. And we have the same situation here. Well, Kimbrough, I think, gives an option to the Court to agree or disagree. Just gives them permission. And this is quite different from just crack cocaine and that whole issue, I think. Absolutely, Your Honor. Kimbrough gives the option to the sentencing court to disagree with the sentencing guidelines. Does it compel the sentencing court to undertake that analysis, does it? Kimbrough, I'm not sure, it doesn't address that issue expressly, Your Honor. This Court's unbunked decision in Cardi says that if there's a non-frivolous argument, which this certainly is, particularly in light of Kimbrough, that the district court should normally consider it. Here, the district court considered the argument and said there's nothing I can do about it. This is a legitimate rational statute that is reflected in the guideline scheme, and therefore, I'm not going to even consider under Kimbrough lowering the sentence below the recommended guideline range. And that was the district court's error. Where do you say that? The district court said at the first part. But where do you say I will not even consider the lowering? Your Honor, I will agree that the I will not consider is how we interpret what the district court said. The district court at ER 47 said, I don't think the Kimbrough case, I don't think this is analogous to the cocaine situation or the crack cocaine. Here, there's a legitimate rational explanation for the sentencing guidelines and for the statute enacted by the Congress, so I think a term of within the guideline range is justified by the district court. But the district court, not compelled, he doesn't say anything about this. This is justified. The district court in its first sentences there appears to be saying this isn't like the crack or the cocaine situation. When you say first sentences, I'm looking at page 43 of the transcript. Can you give me a line, what exactly you're referring to? Page 23, Your Honor, of the transcript, ER 47 is what I'm looking at on the excerpts that we said, that we submitted, line 14, is where the district court says somehow that this isn't like Kimbrough, because there's a legitimate rational explanation for the crime. There's a legitimate rational explanation for the guidelines and the statute. Do you disagree with that? Yes. First of all, Kimbrough said even at Kimbrough's, this guideline and this statute in illegal reentry is just like Kimbrough, where Congress set a sentencing scheme for cocaine and crack cocaine, and the guidelines had to be parallel, that sentencing scheme. When it came to the district court, the same thing exists with the illegal reentry sentencing scheme. Congress had gradated punishments, so the guidelines have gradated punishments, and somehow the district court is saying that makes this legitimate and rational, therefore it's not going to consider doing this, and that exact argument was rejected in Kimbrough. So the problem is the district court is refusing to even consider its discretion, its option, to sentence below the guidelines, and that's irreversible error. This case should be sent back to the district court so it can consider this argument under its discretion. I'm not following at all what you're saying. Where does the court say it would not consider a sentence under the guidelines thing? It says this is not like the cocaine cases, and I think that the guidelines are rational in this case. That's what he's saying to us. And if the court is saying because this is not like the cocaine cases, I'm not going to consider my discretion. That's the error. But no, he has exercised his discretion by saying I think that in this instance the guidelines are reasonable. He's considering it. If that is correct, then the district court's legal reasoning is wrong. The district court's saying there's a legitimate, rational basis between the interplay of the statute and the guidelines, and that's simply not true in terms of being a reason not to do this, because in Kimbrough that same argument was made and was rejected. But Kimbrough involved an irrational scheme in the treat of crack cocaine 100 times more than in Kimbrough. And he's saying there's no such rationality in this case. The scheme here is rational. I've looked at it, and that one was irrational. This one isn't, and this one I find fine, and I'm going to follow it. He's certainly not saying I couldn't refuse to follow it. He just says I don't see any reason by way of rationality that would compel me not to follow it. That's as much as he's saying. There are two aspects of Kimbrough, I believe, that we're discussing. One is the science. Is crack cocaine 100 times worse in terms of weight than powder cocaine? The other is the gradated punishments that are set up in the statutes for cocaine offenses generally. We have the same gradated punishments for illegal reentry. The government argued because there's gradated punishments in the statute, that makes the gradated punishments in the guidelines legitimate and rational. And that exact argument was rejected by the Supreme Court. So if what Judge Fletcher and I hear the Court suggesting is correct, the Court recognizes discretion. It recognized it based on an erroneous fact, an erroneous reading of the law, and that would be another basis to remand this to the district court. Do you have an argument on double counting? That's why the guideline doesn't make sense. I'm sure the Court's dealt with illegal reentry cases over and over and over and over the years. There's double counting from my client's perspective. There's triple punishment. I serve the time for the offense whenever that occurred previously. It's then scored in my criminal history as three points. In this case, it's then scored in my offense level as 16 points. That's why this guideline, similar to the crack cocaine guideline, the Court should look at the facts of the case and consider sentencing below the recommended guideline range. We don't think the Court did that here. The theory of this is when you have an individual who has committed crime after crime after crime, that we want to give them a sentence that makes sure that when they're deported, maybe they'll stay away. Yeah, I agree that that's the general deterrence theory. I'm not sure it's working. Well, but certainly that's a decision that Congress made. And that's what we're saying. The Court should have recognized its discretion to say, I disagree with that theory, or in this particular case, the guideline doesn't make sense. I'm just about out of my time, so I'd like to reserve what little I have left. Thank you. Okay. May it please the Court, I'd like to turn to sort of very briefly make sure that the Court is fully aware of the postures of this case as it came to Judge Molloy. I've been over the docket sheet, and it doesn't appear to me that the defendant, represented by a different lawyer at that time than Mr. Rhodes, provided any notice that he was going to make a Kimbrough argument. I think he walked in at the time of the sentencing and said what you have already identified in part on page 33 of the excerpts or record, where for the first time he said, I don't think that he was making the precise argument that the defendant now makes on appeal. But nonetheless, Judge Molloy did go through the record, as the Court has already indicated. And I want to refer the Court to one additional passage. I think, Judge Kaczynski, you had already noted the language at the bottom of page 46. Page 47. But there is also additional language on page 49 that I think is helpful and instructive. And the Court notes there, the argument Mr. Modine makes is one that occasionally there is a situation where I do agree with him that on and as an applied kind of argument, the Kimbrough case may have some application. But it's not in this case. So the District Court, having not been on any sort of notice before the hearing started that there would be a Kimbrough argument, dealt with it in two different places in this transcript. And based upon the criminal history and his weighing of the 3553A factors, looked at the history of Mr. Perez-Chavez and I think initially said the defendant has been deported on five occasions. He has obviously returned to the United States on a number of occasions and has committed crimes that were detected, prosecuted, and he was then incarcerated for them. He is not someone that is responsive to rehabilitation or any of the other factors of punishment. And as a result, the only way I'm going to be able to achieve specific deterrence is if I impose a significant punishment here. However, in weighing those 3553A factors, the District Court did not blow by the fact that it could consider Kimbrough and that there was authority for him to, based upon some of the arguments that are made here on appeal, he could take a different position in terms of opposing sentence. But he looked at the 3553A factors and decided that given the record of this defendant, it wouldn't be appropriate. So you have consideration of what Kimbrough allows the District Court to do. It was simply rejected. And for that reason, it's the government's position that this Court should affirm the District Court. I'm happy to answer additional questions if the Court has any. Thank you, Mr. Nelson. Thank you, Your Honor. Thank you, Your Honor. In terms of the posture of this case, I think it's important to note that the sentencing hearing was exactly one month after Kimbrough issued. At that point, I think the law was unclear regarding the reach of Kimbrough. Was it going to be limited to the ---- By the time the lawyers were in court, they were ready to argue Booker. Well, I think the fact that the guidelines are advisory was very clear-cut in the Booker remedial section. In Kimbrough, it only addressed crack versus powder cocaine. Since then, the law is developing across this country, including in this circuit and cases we cited via 28J letters, that Kimbrough applies to all the guidelines. So I think that's important in terms of the posture. I think that was part of the District Court's confusion. I must say, given the series of crimes your client has committed and his sort of dogged refusal to stay out of the country after repeated deportation, the sentence he got sounds to me like almost like a bouquet. Well, it may well be, if this case is sent back to Judge Malloy, that's exactly what he says. But the problem is he didn't recognize his discretion to consider this extension of Kimbrough, which the law now fully supports. And with respect to the second comment by the District Court- I think Judge Malloy seems to know his discretion pretty well, in my experience. But we'll certainly take a look. Thank you, Your Honors. Have a good day. Thank you. Case is argued. We'll stand submitted. We'll next hear argument in United States v. Halverson.
judges: Kozinski, Fletcher, Rawlinson